# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

JUDY LYNN TAYLOR                                                                             PLAINTIFF

v.                                            CIVIL ACTION NO. 5:10CV-P110-R

SGT. SAM STEGAR *et al.*                                            DEFENDANTS

## MEMORANDUM OPINION AND ORDER

      Plaintiff, Judy Lynn Taylor, a convicted prisoner currently incarcerated in the Kentucky Correctional Institution for Women, has filed this 42 U.S.C. § 1983 action against the following four Defendants in their official capacities: Kentucky State Police Trooper Sgt. Sam Stegar, Paducah City Police Officer Willenborg, Paducah City Police Detective Matt Wentworth, and Paducah City Police Detective Sgt. William Gilbert. Plaintiff claims that these Defendants violated her constitutional rights when she was arrested for manufacturing methamphetamine on June 14, 2009. Specifically, Plaintiff alleges that the officers (both male and female) instructed her to strip down totally naked in her driveway in plain sight of her neighbors and then hosed her off with freezing cold water. She states that she was told that this was to decontaminate her, but that neither her father nor son were treated in this manner even though they were both present in the home as well.

      When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, this Plaintiff's official-capacity claims will be

dismissed for failure to state a claim. Before dismissing this action, however, the Court will provide Plaintiff with an opportunity to amend her complaint.

**I.**

Section 1983 provides a federal forum for injured parties to seek a remedy for the deprivation of their civil liberties. 42 U.S.C. § 1983; *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, (1989). "To state a valid § 1983 claim, Plaintiff must establish that: (1) [s]he was deprived of a right secured by the Constitution or the laws of the United States, and (2) the deprivation was caused by a person acting under the color of state law." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001) (quoting *West v. Atkins*, 487 U.S. 42, 48(1988)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Id.* Because Plaintiff cannot satisfy the second prong, there is no need for the Court to address the first prong at this juncture.

**A.     Official-Capacity Claims Against Paducah City Police Defendants**

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Plaintiff's official-capacity claims against Defendants are, therefore, actually claims against the municipality. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008).

"[A] municipality cannot be held liable solely because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the municipality from acts of employees of the municipality, and

thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-480 (1986)).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), overruled on other grounds by *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326, (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that the plaintiff must demonstrate "deliberate conduct").

In the instant case, Plaintiff has not alleged that Defendants acted pursuant to a municipal policy or custom in causing her alleged harm. Plaintiff's complaint appears to allege isolated occurrences affecting only her. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). As nothing in the complaint demonstrates that Defendants' actions occurred as a result of a policy or custom implemented or endorsed by the municipality, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim against it.

3

### B. Official-capacity Claim Against State Trooper Stegar

The official-capacity claim against Defendant Stegar will be dismissed on two grounds. First, Defendant, a state trooper, is absolutely immune from § 1983 liability in his official capacity under the Eleventh Amendment to the United States Constitution. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). Second, Defendant Stegar is not a "person" subject to suit within the meaning of § 1983 when sued in his official capacity for monetary damages. *Id.* (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim); *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994) (same). Consequently, the § 1983 official capacity claims for damages against Defendant Stegar must be dismissed.

### II.

Because of the seriousness of the allegations, the Court will provide Plaintiff with an opportunity to amend her complaint to sue the responsible individuals in their individual capacities. *See Berndt v. Tennessee*, 796 F.2d 879, 882 (6th Cir. 1986). Should Plaintiff elect to amend her complaint, she is reminded that a complaint must contain more than bare legal conclusions to survive dismissal. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996). To state a claim for relief under § 1983, Plaintiff must allege how each defendant was personally involved in the acts about which Plaintiff complains. *Rizzo v. Goode*, 423 U.S. 362, 375 (1976).

### III.

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's official-

capacity claims against Defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and pursuant to 28 U.S.C. § 1915A(b)(2) for seeking monetary relief from a defendant who is immune from such relief.

**IT IS FURTHER ORDERED that Plaintiff shall have 30 days from the entry of this Order in which to file an amended complaint.** Plaintiff is **WARNED** that her failure to do so will result in the dismissal of this action. To assist Plaintiff, the Clerk of Court is **DIRECTED** to place this civil action number and "amended complaint" on a blank 42 U.S.C. § 1983 form and mail it to Plaintiff.

Date:


cc: Plaintiff, *pro se*

4413.008