# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

JUDY LYNN TAYLOR                                                   PLAINTIFF

v.                                   CIVIL ACTION NO. 5:10CV-P110-R

SGT. SAM STEGAR *et al.*                                      DEFENDANTS

## MEMORANDUM OPINION

Plaintiff, Judy Lynn Taylor, a convicted prisoner currently incarcerated in the Kentucky Correctional Institution for Women (KCIW), filed this 42 U.S.C. § 1983 action against the following four Defendants in their official capacities: Kentucky State Police Trooper Sgt. Sam Stegar, Paducah City Police Officer Willenborg, Paducah City Police Detective Matt Wentworth, and Paducah City Police Detective Sgt. William Gilbert. Plaintiff claimed that these Defendants violated her constitutional rights when she was arrested for manufacturing methamphetamine on June 14, 2009. Specifically, Plaintiff alleged that the officers (both male and female) instructed her to strip down totally naked in her driveway in plain sight of her neighbors and then hosed her off with freezing cold water. She stated that she was told that this was to decontaminate her, but that neither her father nor son were treated in this manner even though they were both present in the home as well.

Plaintiff's complaint came before the Court for initial review pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). By Memorandum Opinion and Order entered July 28, 2010, the Court dismissed Plaintiff's official-capacity claims for failure to state a claim. However, because of the seriousness of the allegations, the Court provided Plaintiff with an opportunity to amend her complaint to sue the responsible individuals in their individual capacities. *See Berndt v. Tennessee*, 796 F.2d 879, 882 (6th Cir. 1986).

Plaintiff was warned that her failure to file an amended complaint with the Court within 30 days of the entry of the Court's Order would result in dismissal of this action. The Court mailed its Order to Plaintiff at KCIW, her address of record. The United States Postal Service returned the mailing to the Court as undeliverable. Then the Court received a letter from KCIW in response to its Order directing collections from Plaintiff's prison trust account. The letter stated that Plaintiff had been transferred to the Western Kentucky Correctional Complex (WKCC). Accordingly, on August 16, 2010, the Court mailed its prior Order to Plaintiff's attention at WKCC.

Over thirty days have passed since the Court sent the Order to Plaintiff at WKCC. Plaintiff has had more than sufficient time to respond to the Order. However, she has not filed anything in this case since her initial complaint in June 2010. Additionally, Plaintiff never personally updated her address with the Court. This is in violation of the Local Rules. *See* LR 5.2. The Court only discovered that Plaintiff had been transferred when the KCIW notified it.

Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of *pro se* litigants has limits. Where, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*,

2

370 U.S. 626, 630 (1962).

Upon review, Plaintiff's failure to comply with the Court's Order shows a failure to pursue her case that is willful. Therefore, by separate Order, the Court will dismiss the instant action.

Date:

cc: Plaintiff, *pro se*

4413.008